UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KEVIN WILSON,

      Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.

      Defendant.

_____/

Case No.:

## COMPLAINT

Plaintiff, Kevin Wilson ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Convergent Outsourcing, Inc. ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the FDCPA was necessary because existing consumer protection laws were inadequate, as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors, which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

1

3. The FDCPA is a strict liability statute that provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer".

4. To prohibit deceptive practices, Section 805(c) of the FDCPA mandates that a debt collector (Defendant) cease further communications with a consumer (Plaintiff) once the consumer (Plaintiff) notifies a debt collector (Defendant) in writing that the consumer (Plaintiff) refuses to pay a debt or that the consumer (Plaintiff) wishes the debt collector (Defendant) to cease further communication. 15 U.S.C. §1692c(c).

5. The FDCPA further prohibits debt collectors from engaging in any conduct where the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

6. Here, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA.

## JURSIDICTION AND VENUE

7. This Court's jurisdiction arises under 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in the jurisdiction and because the transactions, acts, practices and courses of conduct constituting violations of federal consumer financial law occurred within this District.

## PARTIES

9. Plaintiff is a natural person who resides in Lakeland, County of Polk, state of Florida and is otherwise *sui juris*.

10. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).

11. Defendant is a Washington Corporation doing business in the State of Nevada, with its corporate offices located at 800 SW 39th Street, Renton, WA 98057, and is a "debt collector" as defined by the FDCPA, 15 USC §1692a(6).

## FACTUAL STATEMENT

12. At all relevant times, Defendant was attempting to collect from Plaintiff a "debt" as that term is defined by the FDCPA, 15 U.S.C. §1692a(5) (hereinafter referred to as "the Debt").

13. In early 2017, Defendant started a harassing and unrelenting telephone collection campaign related to the Debt by calling Plaintiff on his cellular number (XXX) XXX-8750.

14. Emotionally distraught and frustrated over Defendant's unyielding and harassing four (4) month campaign of collection calls, Plaintiff sent Defendant a written cease and desist letter dated May 11, 2017, demanding Defendant to cease and desist immediately any and all telephone contact with him concerning any and all alleged debts with Defendant, and that any and all future communications be in writing (hereinafter referred to as the "Cease Letter"). A true and accurate copy of the Cease Letter is annexed hereto as Exhibit "A".

15. The Cease Letter was sent to Defendant via facsimile at (206) 322-4838 and was received by Defendant on May 11, 2017 at 4:42 PM EST. A true and accurate copy of the facsimile delivery confirmation is annexed hereto as Exhibit "B".

16. Despite Defendant's receipt of Plaintiff's Cease Letter, Defendant blatantly ignored Plaintiff's written request and continued to place collection calls for the Debt to Plaintiff's cellular phone (XXX) XXX-8750. Subsequent to receipt of and contrary to Plaintiff's

Cease Letter, Defendant placed no fewer than eight (8) collection calls to Plaintiff's cellular phone number (XXX) XXX-8750, on the following dates and times:

- **05/12/2017 3:40 PM**
- **05/17/2017 3:00 PM**
- **05/18/2017 4:15 PM**
- **05/19/2017 2:19 PM**
- **05/22/2017 5:20 PM**
- **05/23/2017 3:03 PM**
- **05/25/2017 6:57 PM**
- **05/26/2017 1:49 PM**

17. The above actions of Defendant are in violation of the FDCPA. Specifically, the violations incurred, include, but are not limited to, Section 805 of the FDCPA, 15 U.S.C. §1692c(c), which provides: "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."[1]

18. Defendant's collection calls to Plaintiff after Defendant's receipt of Plaintiff's Cease Letter further constitute a violation of Section 806 of the FDCPA, 15 U.S.C. §1692d, which prohibits the Defendant from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse [the Plaintiff] in connection with the collection of a debt."

---

[1] There are exceptions to the foregoing, as set forth in 15 U.S.C. §1692c(c)(1)-(3), but none of which apply in this case.

19. Defendant's repeated collection calls for the Debt to Plaintiff's cellular phone number (XXX) XXX-8750, both before and after the Cease Letter, were a nuisance, harassing and an invasion of his privacy that caused him stress and anxiety, loss of the use of his cellular phone during the time it was occupied by Defendant's incoming calls and waste of his time determining who was calling him.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c(c) AND 15 U.S.C. §1692d

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

21. Defendant's debt collection efforts on the Debt attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c(c) and 15 U.S.C. §1692d.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to actual and statutory damages, and attorneys' fees and costs in accordance with the FDCPA.

**WHEREFORE**, Plaintiff, Kevin Wilson, requests that this Court enter judgment against Defendant and on behalf of Plaintiff as follows:

A. Declaring Defendant's actions, as described above, to be in violation of the FDCPA;

B. Entering a judgment against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

C. Entering a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

D. Awarding costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and

E. Granting such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 25nd day of September, 2017.

                          Respectfully Submitted,

BY:   /s/ Jason S. Weiss
       Jason S. Weiss
       Jason@jswlawyer.com
       Florida Bar No. 356890
       **WEISS LAW GROUP, P.A.**
       5531 N. University Drive, Suite 103
       Coral Springs, FL 33067
       Tel: (954) 573-2800
       Fax: (954) 573-2798
       *Attorneys for Plaintiff*

       On Behalf of:
       Law Offices of Michael Lupolover
       120 Sylvan Avenue, Suite 303
       Englewood Cliffs, NJ 07632
       (T) 201-461-0059
       DM@lupoloverlaw.com